**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| 2233 PARADISE ROAD, LLC, DBA Cash Factory USA,<br><br>             Plaintiff-Appellant,<br><br>   v.<br><br>JOHN F. KELLY, Secretary of the Homeland Security; LORI L. SCIALABBA, Director of U.S. Citizenship & Immigration Services (USCIS),<br><br>             Defendants-Appellees. | No. 18-16341<br><br>D.C. No.<br>2:17-cv-01018-APG-VCF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted March 27, 2020[**]
San Francisco, California

Before:  WALLACE, GRABER, and COLLINS, Circuit Judges.

Plaintiff 2233 Paradise Road, LLC, timely appeals from the district court's

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment in favor of Defendants, the Director of United States Citizenship and Immigration Services ("the agency") and the Secretary of Homeland Security, in this action challenging the agency's denial of Plaintiff's petition for an "H-1B visa" on behalf of Songhua Hu for a position of Chief Operating Officer. We dismiss the appeal as moot.

After Plaintiff filed this appeal, Plaintiff informed us that Hu had resigned. The visa petition before us pertains specifically to Hu and cannot be transferred to another individual. Plaintiff asserts only that Hu "<u>may</u> seek to renew the employment relationship in the future." (Emphasis added.) No live controversy remains, and Plaintiff's speculation is insufficient to confer jurisdiction. <u>See, e.g.</u>, <u>Bain v. Cal. Teachers Ass'n</u>, 891 F.3d 1206, 1214 (9th Cir. 2018) (holding that "[t]he assertion that [a plaintiff] could <u>conceivably</u> return to her old job, without more," is insufficient to confer jurisdiction).

We dismiss the appeal and remand with instructions for the district court to consider whether to vacate its judgment and dismiss the complaint. <u>U.S. Bankcorp Mortg. Co. v. Bonner Mall P'ship</u>, 513 U.S. 18, 24–25 (1994); <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1370–71 (9th Cir. 1995).

**APPEAL DISMISSED and CASE REMANDED WITH INSTRUCTIONS.**